City of York, et al. *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Appellant.

Argued September 9, 1976, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Kramer did not participate.

Dennis J. Harnish, Assistant Attorney General, for appellant.

*John W. Thompson, Jr.,* City Solicitor, for appellee, City of York.

*Raymond L. Hovis,* with him *D. Reed Anderson,* for appellees, York Township, Jacobus Borough and Wrightsville Borough.

Opinion by President Judge Bowman, October 20, 1976:

This is an appeal by the Department of Environmental Resources (DER) from an adjudication of the Environmental Hearing Board (EHB) concluding that DER lacks statutory authority to compel implementation of a regional solid waste management plan. The plan was adopted by appellees and ap-

proved by DER as provided by the Pennsylvania Solid Waste Management Act (Act), Act of July 31, 1968, P.L. 788, *as amended,* 35 P.S. §6001, et seq.

The underlying facts are as follows: Pursuant to the provisions of Section 5(a) of the Act, 35 P.S. §6005(a), the City of York and other York County municipalities[1] adopted an official plan which was submitted to and approved by DER. The pertinent provisions of the plan call for the creation of the York County Solid Waste Refuse Authority (Authority) and the vesting in it of responsibility to purchase and operate solid waste disposal sites. One such site, which is the focus of this litigation, and the necessary equipment were purchased by the Authority in Hopewell Township and the necessary operating permit was obtained from DER.

This litigation arises from the refusal of appellees to implement that portion of the official plan calling for them to delegate, by resolution or ordinance, to the Authority their powers regarding solid waste disposal.[2] Instead, appellees are employing a site not provided for in the official plan for which DER approval was granted.[3]

By orders dated on or about March 7, 1975, DER sought to compel appellees to utilize the Hopewell Township site and to otherwise implement the official plan. In proceedings brought by appellees before EHB, it was determined that DER lacked authority to issue such affirmative orders.

Succinctly stated, the issue before us is whether the Pennsylvania Solid Waste Management Act vests

---

[1] Only the City of York, York Township, Jacobus Borough and Wrightsville Borough appeared in this proceeding.

[2] Hallam Borough has done so by contract.

[3] Appellees could have sought DER approval of a revision of their plan but have not done so. Section 5(a) of Pennsylvania Solid Waste Management Act, 35 P.S. §6005(a).

in DER the power to order municipalities to implement the provisions of an official plan adopted by them and submitted to and approved by DER. We hold that it does.

The Statutory Construction Act[4] requires that we liberally construe the provisions of the Pennsylvania Solid Waste Management Act so as to effectuate its purpose of curtailing public health hazards, environmental pollution and economic loss arising therefrom caused by improper and inadequate solid waste disposal practices by means of cooperative programs and planning. Section 2 of the Act, 35 P.S. §6002. The argument advanced by appellees that the Pennsylvania Solid Waste Management Act leaves to municipalities complete discretion as to whether their official plans shall be implemented would frustrate and, indeed, might defeat this objective and would be a "narrow and unwarranted construction" of the Act. *See Commonwealth v. Derry Township,* ——— Pa. ———, ———, 351 A.2d 606, 609 (1976).

Section 5(a) of the Act requires certain municipalities to submit to DER for approval an "officially adopted plan." Section 5(f), 35 P.S. §6005(f), authorizes DER to reject submitted plans and provides for review of such determinations in accordance with the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended,* 71 P.S. §1710.1, et seq. Section 5(i), 35 P.S. §6005(i), further authorizes DER to compel, by way of actions in mandamus, compliance with Section 5(a). Were municipalities free to simply abandon official plans after DER approval, these provisions would be reduced to an elaborate and expensive charade, and comprehensive planning of the type contemplated by the Legislature would be fruit-

---

[4] Statutory Construction Act of 1972, 1 Pa. C.S. §1928(c).

less. The General Assembly did not intend so absurd a result. Nor did it intend these provisions to be meaningless. Statutory Construction Act of 1972, 1 Pa. C.S. §1922(1)(2).

We are able to find clear support for DER's orders in two additional sections of the Pennsylvania Solid Waste Management Act. Section 10(a), 35 P.S. §6010(a), states:

"(a)  Each municipality with a population density of three hundred or more inhabitants per square mile shall be responsible for . . . implementing their approved plan . . . ."

This provision is given substance by Section 6(9), 35 P.S. §6006(9), which states:

"The department (DER) shall have the power and its duty shall be to:

. . . .

"(9)  Issue such permits and orders . . . as may be necessary to implement the provisions of this act . . . ."

We read these sections together and in light of the avowed purposes of the Act as vesting in DER the power to compel municipalities to meet their responsibility to implement their DER approved plans. No other construction is possible lest we diminish the concept of comprehensive planning of solid waste disposal and its implementation, as expressed in the Pennsylvania Solid Waste Management Act, to an exercise in legislative futility.

ORDER

Now, October 20, 1976, the order of the Environmental Hearing Board is hereby reversed and the proceedings are remanded to the Board for further proceedings on other issues raised before it by the appellees in their appeal to the Board.